IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUSTIN SMITH,

    Plaintiff,

v.                                                                        Civ. No. 1:18-cv-00739-RB-LF

LIBERTY MUTUAL FIRE
INSURANCE COMPANY, et al.,

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Justin Smith's Motion to Remand to State District Court and Memorandum in Support. (Doc. 9.) Having considered the notice of removal, the submissions of counsel, and the applicable law, the Court is unpersuaded by the arguments Plaintiff raises in his motion to remand and will deny the motion. However, the Court also finds that the notice of removal does not sufficiently address the citizenship of the individually named parties in this lawsuit. Accordingly, the Court orders Defendant Liberty Mutual Fire Insurance Company to show cause within ten calendar days why the Court should not remand the case.

**I.    Background**

*a.  State Court Proceedings*

On August 3, 2017, Plaintiff filed suit in the Second Judicial District Court for the State of New Mexico against Defendants Liberty Mutual Insurance Company (Liberty), Matthew Chalan, Cheryl VanDusen, and "John Doe" Agents and Adjusters. (*See* Doc. 2-1.) The lawsuit stemmed from a July 20, 2013 motor vehicle accident in which a vehicle ran a red light, struck Plaintiff's vehicle, and then fled the scene. (*Id.* ¶¶ 14–17.) At the time of the accident, Plaintiff was covered under an automobile insurance policy issued by Defendant Liberty. (*Id.* ¶ 68.) In his complaint, Plaintiff alleged that Mr. Chalan was the driver of the hit-and-run vehicle and that Defendant

1

VanDusen was the authorized claims representative employed by Defendant Liberty who handled Plaintiff's claim. (*Id.* ¶¶ 2–3, 14–17.) Plaintiff identified both himself and Mr. Chalan as New Mexico residents. (*Id.* ¶¶ 1–2.) Plaintiff asserted 14 causes of action against Defendants arising from the accident and the subsequent investigation and handling of Plaintiff's claim. (*Id.* ¶¶ 67–180.)

Shortly after Plaintiff filed suit in state court, Defendant Liberty moved to dismiss Plaintiff's complaint. (Doc. 2-4.) The state court denied the motion on June 6, 2018, after holding a hearing. (Doc. 2-21.) Thereafter, the state court granted Plaintiff leave to amend his complaint and on August 1, 2018, Plaintiff filed his first amended complaint. (Docs. 2-28; 2-29.) In the amended complaint, Plaintiff removed Mr. Chalan as a party. (Doc. 2-29.) Plaintiff alleged that, rather than Mr. Chalan, it was "a 'phantom vehicle' and/or unidentified uninsured motorist" that struck his vehicle. (*Id.* ¶ 15.) In a footnote, Plaintiff explained that a witness to the accident followed the fleeing vehicle and obtained a license plate number. (*Id.* at 4 n.1.) Based on the information the eyewitness provided, the uniform crash report initially identified Mr. Chalan as the owner of the fleeing vehicle. (*Id.*) However, according to Plaintiff, "subsequent investigation by the police failed to validate or confirm that the offending driver was Mr. Chalan or the offending vehicle was owned by Mr. Chalan. No [s]upplemental [p]olice report was ever filed confirming the identity of the driver or the offending vehicle that fled the scene." (*Id.*)

Aside from removing Mr. Chalan as a defendant, Plaintiff added Liberty claims handler Cheryl Sloan as a defendant in the amended complaint and modified Defendant Liberty's name slightly to reflect the correct entity being sued.[1] (*Id.* ¶¶ 4–5, 8–9.) Plaintiff also reduced the number of claims he was asserting against Defendants to the following 11 causes of action: (1) breach of

---

[1] The amended complaint modified Defendant Liberty's name from Liberty Mutual Insurance Company to Liberty Mutual Fire Insurance Company. (Doc. 2-29 ¶¶ 8–9.)

2

contract, negligence, intentional infliction of emotional distress, negligent misrepresentation, negligence per se, unreasonable delay, and punitive damages against all Defendants; (2) fraud and misrepresentation, breach of implied covenant of good faith and fair dealing, insurance bad faith and violation of the New Mexico Unfair Claims Practices Act against Defendant Liberty and its adjusters and claim representatives/handlers; and (3) violation of the New Mexico Insurance Code Unfair Trade Practices Act against Defendant Liberty. (*Id.* ¶¶ 70–162.)

    *b. Removal*

The day after Plaintiff filed his amended complaint, Defendant Liberty removed the case to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Doc. 1.) In its notice of removal, Defendant Liberty asserts that Plaintiff's dismissal in his amended complaint of the only non-diverse defendant, Mr. Chalan, has resulted in complete diversity of citizenship between Plaintiff and all remaining defendants.[2] (*Id.* ¶¶ 9–10, 17.) As to the citizenship of the defendants, Defendant Liberty asserts that it is a foreign corporation incorporated in Wisconsin with its principal place of business in Boston, Massachusetts, that Defendant VanDusen is a resident of Washington, and that Defendant Sloan is a resident of Illinois. (*Id.* ¶ 17.) Defendant Liberty also asserts that the amount in controversy exceeds the jurisdictional amount of $75,000 based on Plaintiff's June 2, 2014 demand for $100,000 in damages, his allegations of pain and suffering continuing to the present date, and his request for statutory penalties, punitive damages, and attorney fees. (*Id.* ¶¶ 13–14.)

As to the timeliness of removal, Defendant Liberty asserts that it timely removed the case within 30 days of the date the case became removable – i.e., when Plaintiff filed the amended complaint – and within one year of commencement of the lawsuit in state court. (*Id.* ¶ 20.) *See* 28

---

[2] Although Plaintiff's citizenship is not set forth in the notice of removal, the amended complaint states that Plaintiff is a New Mexico resident. (*See* Doc. 2-29 ¶ 1.)

3

U.S.C. 1446(b)(3) (stating that if a case is not removable based on the initial pleading, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable"); *see also* 28 U.S.C. § 1446(c) (providing that a case may not be removed from state to federal court on the basis of diversity of citizenship more than one year after commencement of the action.).

Finally, because Defendants VanDusen and Sloan were not served prior to removal, Defendant Liberty asserts that their consent to removal is not needed. (Doc. 1 ¶ 12 (citing 28 U.S.C. § 1446(b)(2)(A) (requiring consent to removal by "all defendants who have been properly joined and served").)

On September 1, 2018, Plaintiff moved to remand this matter to state court, focusing on whether diversity of citizenship exists. (Doc. 9.) Defendant Liberty filed a response in opposition on September 14, 2018 (Doc. 10), and Plaintiff filed a reply on September 29, 2018 (Doc. 11).

## II.  Legal Standard

An action is removable from state court if the federal district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), a federal district court possesses original subject-matter jurisdiction over a case when the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00. *See Johnson v. Rodrigues*, 226 F.3d 1103, 1107 (10th Cir. 2000). As the party invoking the Court's jurisdiction in this case, Defendant Liberty "bear[s] the burden of establishing that the requirements for the exercise of diversity jurisdiction are present." *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014); *see also Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of

4

establishing subject-matter jurisdiction is on the party asserting jurisdiction."). There is a presumption against removal jurisdiction. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *see also Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp.*, 149 F. App'x 775, 778 (10th Cir. 2005) (explaining that "[g]iven the limited scope of federal jurisdiction, there is a presumption against removal, and courts must deny such jurisdiction if not affirmatively apparent on the record.").

### III. Analysis

#### a. Plaintiff's Motion to Remand

"In order to invoke diversity jurisdiction, a party must show that complete diversity of citizenship exists between the adverse parties. . . . Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013); *see also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State."). "For purposes of diversity jurisdiction, a person is a citizen of a state if the person is domiciled in that state. And a person acquires domicile in a state when the person resides there and intends to remain there indefinitely." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (citations omitted). "[W]hen it comes to determining a person's domicile for diversity-jurisdiction purposes, a district court should consider the totality of the circumstances." *Id.* at 1201 (setting forth several factors a district court may consider in determining a party's domicile).

In his motion to remand, Plaintiff seemingly concedes that "complete diversity exists on the face of the pleadings." (Doc. 9 at 10.) He argues that removal was nevertheless improper because he was prevented from joining agent Ellen Marshall as a "non-diverse, necessary, and

5

material [d]efendant" due to Defendant Liberty's alleged failure to timely disclose policy information to Plaintiff. (*Id.* (emphasis omitted).) According to Plaintiff, "Ellen Marshall is the local Liberty Mutual insurance agent that, upon information and belief, was directly responsible for enrolling Plaintiff in the insurance policy . . . and who fraudulently misrepresented and misled Plaintiff and/or his mother into relying upon the terms and conditions of said policy . . . ." (*Id.* at 11 (emphasis omitted).) Plaintiff explains that he named "John Doe Agents and Adjusters" in both his initial and amended complaints because he anticipated that discovery would lead to the disclosure of local Liberty agents and employees, including Ms. Marshall. (Docs. 11 at 5; 9 at 12.) Although Plaintiff indicates that he intends to move to amend his complaint to substitute Ms. Marshall for the "John Doe" agent, he has not yet done so.

In determining the existence of complete diversity, it is well established that the Court must disregard the John Doe agents and adjusters named in Plaintiff's amended complaint. *See* 28 U.S.C. § 1441(b)(1) ("the citizenship of defendants sued under fictitious names shall be disregarded"); *see also McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008) ("Under the federal removal statutes the presence of 'John Doe' defendants at the commencement of an action creates no impediment to removal."). Although Plaintiff intends to join Ms. Marshall as a defendant, the Court must also disregard her citizenship at this juncture because she is not a party in this lawsuit. Furthermore, as the Tenth Circuit explained in *McPhail*, the Court cannot remand this case simply because of the possibility that diversity-defeating defendants may later be joined in the lawsuit. 529 F.3d at 950–51. In *McPhail*, the plaintiff sued a known defendant and three unidentified John Doe defendants. *Id.* The known defendant removed the case to federal court on the basis of diversity jurisdiction. *Id.* The three John Doe defendants were then identified as entities whose citizenship would destroy diversity jurisdiction. *Id.* at 951. Even though the plaintiff had

6

not moved to amend her complaint, she argued that the identification of these defendants destroyed diversity jurisdiction. *Id.* Critically, like Plaintiff in this case, she asserted that she had been unable to amend her complaint to substitute the John Doe defendants because necessary information was contained within records controlled by the known defendant. *Id.* The Tenth Circuit rejected this argument. It found that, despite the plaintiff's knowledge that these John Doe defendants were entities that destroyed diversity jurisdiction, the district court retained jurisdiction until the plaintiff moved to amend her complaint and the district court determined "whether to grant leave to amend, whether any additional named parties are indispensable, and, if not, whether permissive joinder is appropriate." *Id.* at 952.

Thus, under the reasoning of *McPhail*, Plaintiff's arguments regarding Ms. Marshall are premature. The Court simply cannot ascertain whether Ms. Marshall is in fact a "non-diverse, necessary, and material [d]efendant," as Plaintiff maintains, unless Plaintiff moves to amend his complaint to join Ms. Marshall and the Court can determine whether to grant leave to amend and whether she is an indispensable party. (Doc. 9 at 10.) The Court acknowledges that the parties disagree as to Ms. Marshall's citizenship, but the Court need not consider those arguments or the evidence the parties have submitted regarding Ms. Marshall's citizenship unless leave to amend is granted.[3]

    b. *Order to Show Cause Regarding Citizenship of Individually Named Parties*

Although the Court disregards Ms. Marshall and the John Doe defendants named in the amended complaint for purposes of determining diversity of citizenship, the Court finds that the notice of removal does not sufficiently establish the citizenship of Plaintiff and Defendants

---

[3] Defendant Liberty contends that Ms. Marshall is a citizen of Montana. (Doc. 10 at 2, 10.) Plaintiff argues that despite Ms. Marshall's relocation from New Mexico to Montana in 2016, she remained a citizen of New Mexico at the time the lawsuit was filed in 2017. (Doc. 11 at 4–5, 7, 11–12.)

VanDusen and Sloan. Residence, alone, is insufficient to establish citizenship for diversity jurisdiction purposes. *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015) ("An individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship."); *see also Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another." (internal citation omitted)).

Here, the notice of removal addresses only the residence of each of the individually named defendants. (*See* Doc. 1 ¶ 17 (asserting that Defendants VanDusen and Sloan are residents of Washington and Illinois, respectively).) The notice of removal also fails to set forth Plaintiff's citizenship. Although not contested by Plaintiff, the Court finds that Defendant Liberty's allegations concerning residence alone are not enough to establish complete diversity of citizenship. Accordingly, the Court orders Defendant Liberty to show cause within 10 days of this Memorandum Opinion and Order's entry why the Court should not remand this case to state court for lack of subject-matter jurisdiction. Defendant Liberty is instructed to affirmatively state the citizenship of the individual parties in this lawsuit.

    *c. Fraudulent Joinder of Mr. Chalan*

Lastly, because Defendant Liberty removed the lawsuit based on the amended complaint in which Plaintiff voluntarily dismissed Mr. Chalan, the Court need not address the parties' arguments regarding fraudulent joinder of Mr. Chalan in Plaintiff's *initial* complaint. *See, e.g., Lenon v. St. Paul Mercury Ins. Co.*, 136 F.3d 1365, 1369 (10th Cir. 1998) (stating that "the citizens upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy. Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." (internal quotation marks omitted)).

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Motion to Remand (Doc. 9) is **DENIED**; and
2. Defendant Liberty shall show cause, within ten days of entry of this Memorandum Opinion and Order, why the Court should not remand this case for lack of diversity of citizenship.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE