IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUSTIN SMITH,

    Plaintiff,

v.                                                             No. CIV 18-0739 RB/JFR

LIBERTY MUTUAL FIRE INSURANCE
COMPANY, CHERYL A. VAN DUSEN,
CHERYL SLOAN, and JOHN DOE
AGENTS and ADJUSTERS,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants' Motion to Exclude Plaintiff's Disclosed Expert Charles M. Miller, filed April 20, 2020. (Doc. 116.) Having considered the parties' arguments and the relevant law, the Court will deny the motion.

**I.   Background**

Justin Smith was involved in an accident with a hit-and-run driver. He was insured under a policy with Liberty and submitted a claim for all benefits available to him under the policy. Liberty failed to resolve the claim he brought under the uninsured motorist provisions of his policy, and he filed suit against Liberty in state court. (*See* Doc. 2-29 (1st. Am. Compl.).) Liberty removed the lawsuit to this Court in August 2018. (Doc. 1.)

United States Magistrate Judge John F. Robbenhaar held a scheduling conference on June 27, 2019. (*See* Doc. 42.) During the conference, Mr. Smith's attorney, Mr. George Bleus, acknowledged that he had not yet made his initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1), although they were due on June 18, 2019. (*See* Docs. 38; 40; 42 at 1.) He made the initial disclosures on July 18, 2019, one month past the deadline. (*See* Doc. 49.)

Judge Robbenhaar entered a Scheduling Order on June 28, 2019. (Doc. 43.) Pursuant to that order, Mr. Smith's Rule 26(a)(2) expert disclosure was originally due on September 25, 2019, and Defendants' on October 25, 2019. (*Id.* at 2.) The Court scheduled discovery to terminate on January 23, 2020. (*Id.*) The undersigned set trial to begin on January 25, 2021. (Doc. 47.)

On September 25, 2019, Mr. Smith disclosed one expert, but he did not file a report as mandated by Rule 26(a)(2). (*See* Docs. 55; 116 at 4.) He filed an amended disclosure on September 30, 2019, disclosing three experts and no expert reports. (*See* Docs. 59; 116 at 4.)

On October 4, 2019, Mr. Smith moved to extend "all existing case management deadlines" by 90 days. (Doc. 61 at 1.) Liberty opposed the motion and moved to extend the expert disclosure deadlines only. (Docs. 63; 64.) Judge Robbenhaar extended the deadlines as follows: Mr. Smith's expert disclosure would be due January 20, 2020; Defendants' expert disclosure on February 20, 2020; discovery to end on March 9, 2020; pretrial motions due on April 17, 2020. (Doc. 81.) The order emphasized that "[d]iscovery must be <u>completed</u> on or before" March 9, 2020, and the parties must show good cause and obtain "the Court's express, written approval . . . for any modification of the [amended] case management deadlines . . . ." (*Id.* at 2 & n.2.)

Mr. Smith filed a Certificate of Service on January 20, 2020, certifying that he served his amended expert disclosure on Defendants' counsel (Mr. Christopher Tebo)[1]. (Doc. 88.) Despite this certification and pursuant to an agreement between counsel, Mr. Bleus *actually* hand-delivered his amended expert disclosure on January 24, 2020, and emailed it on January 28, 2020. (*See* Doc. 116 at 4; 116-B; 130 at 4; 141 at 3.) This was in contravention of the Court's order requiring the parties to obtain its express consent for any modification to the amended deadlines. Defendants

---

[1] Ms. Jane Elliott also represents Defendants. For simplicity, the Court will refer only to Mr. Tebo, who signed and submitted the motion and reply brief in this matter.

2

then sought and were granted an extension of their expert witness disclosure from February 20, 2020, to March 2, 2020. (Docs. 91; 92.)

On March 4, 2020, Mr. Tebo's paralegal emailed Mr. Bleus to request availability to depose Mr. Smith's expert, Mr. Charles Miller. (*See* Doc. 116-E at 5–6.) The paralegal asked for "dates of availability for the remainder of March . . . , as the discovery deadline is approaching." (*Id.*) Receiving no rely, the paralegal sent additional requests on March 9 and March 11. (*Id.* at 1–2.) Mr. Bleus responded on March 11 and offered one date: April 10, 2020. (*Id.* at 1.) He also asked for dates "within the first two weeks of April" to depose Defendants' experts. (*Id.*)

Judge Robbenhaar held a discovery hearing on March 25, 2020. (*See* Doc. 105.) He observed that the parties were "continuing to schedule depositions without seeking an extension of their discovery deadline." (*Id.* at 5.) Judge Robbenhaar advised counsel that "[t]his [was] improper and in violation of the Court's Scheduling Order." (*Id.*) Because the discovery deadline had passed and the trial had been set, Judge Robbenhaar said he would not extend any case management deadline without the undersigned's "approval or a continuation of the trial setting." (*Id.*) He "advised the parties [to] meet and confer and address this immediately and" warned them "that they [could] not continue with discovery absent an extension of their case management deadlines." (*Id.*)

Due to Judge Robbenhaar's warning at the hearing, Mr. Bleus emailed Mr. Miller on March 27, 2020, to inform him that the April 10 "deposition will not be going forward." (*See* Doc. 130-3.) Mr. Bleus asserts, without an accompanying affidavit, that he also contacted Defendants' counsel at some point between March 25 and March 27 "but did not receive a reply." (Doc. 130 at 6.) There is no evidence that he specifically informed Mr. Tebo that Mr. Miller would not attend

the scheduled deposition.[2] Instead, when Mr. Tebo's office contacted Mr. Bleus on April 9 to confirm the deposition, Mr. Bleus stated that neither he nor Mr. Miller would attend and reminded Mr. Tebo about Judge Robbenhaar's mandate and the discovery deadline. (*See* Doc. 130-4.) Defendants filed their motion to exclude Mr. Miller on April 20, 2020. (Doc. 116.) There is no evidence that either party contacted the Court to seek an extension of the discovery deadline to depose any expert.

## II.     Analysis

Rule 26 "governs the disclosure of expert testimony." *Sibley v. Sprint Nextel Corp.*, No. 08-2063-KHV, 2013 WL 1819773, at *2 (D. Kan. Apr. 30, 2013); *see also* Fed. R. Civ. P. 26. Relevant to Defendants' Motion, an expert's report must contain "the facts or data considered by the witness in forming" his opinions. Fed. R. Civ. P. 26(a)(2)(B)(ii). If a party violates Rule 26, Rule "37(c) mandates that the information or witness not fully disclosed is barred, unless the failure to disclose was 'substantially justified or harmless.'" *Sibley*, 2013 WL 1819773, at *2 (quoting Fed. R. Civ. P. 37(c)(1)).

Defendants ask the Court to exclude Mr. Miller from testifying, because Mr. Bleus used "dilatory tactics" early in discovery and later failed to make Mr. Miller available for his scheduled deposition. (Doc. 116 at 6–7.) Defendants further complain that Mr. Smith failed to produce three documents that Mr. Miller relied on in preparing his report. (*Id.* at 7.) Without access to these documents, Defendants argue that they are unable to properly evaluate Mr. Miller's opinions or effectively cross-examine him. (*Id.* at 8.)

"District courts have broad discretion to exclude untimely disclosed expert-witness testimony." *Leon v. FedEx Ground Package Sys., Inc.*, No. CIV 13-1005 JB/SCY, 2016 WL

---

[2] Mr. Tebo points out that Mr. Bleus filed Second Amended Witness Disclosures on April 8, 2020. (Doc. 108.)

1158079, at *7 (D.N.M. Mar. 1, 2016) (quotation and citations omitted). "On the other hand, a district court may 'refuse to strike expert reports and allow expert testimony even when the expert report violates Rule 26(a) if the violation is justified or harmless.'" *Id.* (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 952 (10th Cir. 2002)); *see also* Fed. R. Civ. P. 37(c).

> [T]he Tenth Circuit has identified four factors that a district court should consider when deciding whether to exclude expert evidence: "[i] the prejudice or surprise to the party against whom the testimony is offered; [ii] the ability of the party to cure the prejudice; [iii] the extent to which introducing such testimony would disrupt the trial; and [iv] the moving party's bad faith or willfulness.

*Leon*, 2016 WL 1158079, at *7 (quoting *Ellsworth v. Tuttle*, 148 F. App'x. 653, 665 (10th Cir. 2005) (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)). Excluding an expert is a "drastic sanction." *See Paliwoda v. Showman*, No. 12-2740-KGS, 2013 WL 5938027, at *7 (D. Kan. Nov. 6, 2013) (quotation omitted).

Mr. Smith argues that Defendants should not have been surprised by his decision to keep Mr. Miller from testifying, given Judge Robbenhaar's clear warning. (Doc. 130 at 7–8.) He asserts that he could not violate the Court's order, and it was incumbent on Defendants to seek an extension of the discovery deadline if they wanted to take the deposition. (*Id.*) Defendants respond that Mr. Smith was "unconcerned with adhering to the" scheduling order until it benefitted him. (Doc. 141 at 5.) This rings true; however, Defendants fail to recognize that they bear responsibility for failing to seek an extension per Judge Robbenhaar's comments at the March 25 hearing.

Any prejudice on Defendants may be cured by giving them time to depose Mr. Miller. The Court recognizes that trial is only three months away, but there is still time for the parties to arrange a video deposition of Mr. Miller.

Though they each point a finger at the other, Mr. Bleus and Mr. Tebo share responsibility for the circumstances leading to this discovery dispute. Mr. Bleus served his expert reports after

5

the court-imposed deadline, which presumably contributed to Defendants' request for another extension for their own expert disclosure. Mr. Tebo did not ask for Mr. Miller's availability until March 4, only five days before discovery terminated.[3] Mr. Bleus offered a single day that post-dated the discovery deadline. Then he selectively followed Judge Robbenhaar's order by cancelling his expert (without notifying Mr. Tebo), while ignoring the order "to meet and confer and address this *immediately*." Mr. Tebo also failed to follow that direction and was unpleasantly surprised as a result.

In sum, the Court finds that exclusion of Mr. Miller is too extreme a sanction. The Court will direct the parties to arrange for Mr. Miller's video deposition no later than December 4, 2020. Mr. Tebo shall provide at least five different dates to choose from, and Mr. Bleus must select one. In the meantime, Mr. Bleus shall immediately produce the three exhibits Mr. Miller relied on in preparing his report. Failure to share those exhibits within 48 hours of entry of this order will result in the Court striking any testimony that is based on the exhibits.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Exclude Plaintiff's Disclosed Expert Charles M. Miller (Doc. 116.) is **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE

---

[3] Mr. Tebo asserts that Mr. Smith was required to make his expert "available within two weeks of production of their report" according to "the Court's Scheduling Order and the Rule of Procedure . . . ." (Doc. 116 at 5.) He does not cite authority for this deadline, and the Court cannot find a relevant two-week deadline in either scheduling order or any Federal Rule of Civil Procedure.