IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUSTIN SMITH,

    Plaintiff,

v.     No. CIV 18-0739 RB/JFR

LIBERTY MUTUAL FIRE INSURANCE
COMPANY, CHERYL A. VAN DUSEN,
CHERYL SLOAN, and JOHN DOE
AGENTS and ADJUSTERS,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Justin Smith's *Daubert* Motion to Exclude Opinions of Defendants' Expert, Robert K. Lewis, filed April 20, 2020. (Doc. 120.) Having considered the parties' arguments and the relevant law, the Court will deny the motion.

**I.     Background**

Justin Smith was involved in an accident with a hit-and-run driver. He was insured under a policy with Liberty and submitted a claim for all benefits available to him under the policy. Liberty failed to resolve the claim he brought under the uninsured motorist provisions of his policy, and he filed suit against Liberty in state court. (*See* Doc. 2-29 (1st. Am. Compl.).) Liberty removed the lawsuit to this Court in August 2018. (Doc. 1.)

Defendants disclosed Mr. Robert Lewis as an expert on March 2, 2020. (*See* Doc. 96.) Discovery closed on March 9, 2020. (*See* Doc. 81.) Mr. Smith did not seek an extension of the case management deadlines to depose Mr. Lewis. (*See* Doc. 143 at 3.) Mr. Smith moves the Court to exclude Mr. Lewis's opinions on the basis that he is not qualified as an expert and his opinions are unreliable or otherwise inadmissible. (Doc. 120.)

## II.  Legal Standard

According to Federal Rule of Evidence 702:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

"Rule 702 incorporates the principles of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co., Ltd v. Carmichael*, 526 U.S. 137 (1999), to ensure that proffered expert testimony is both relevant and reliable." *Tom v. S.B. Inc.*, No. CIV. 10-1257 LH/WPL, 2013 WL 3179108, at *1 (D.N.M. Mar. 22, 2013) (citing Fed. R. Evid. 702, 2000 Amendments).

"*Daubert* challenges, like other preliminary questions of admissibility, are governed by Federal Rule of Evidence 104." *Id.* (citing *United States v. Turner*, 285 F.3d 909, 912–13 (10th Cir. 2002)). The Court performs a two-part analysis to determine admissibility: "1) the court must determine whether the expert is qualified by knowledge, skill, experience, training, or education to render an opinion; and 2) if the expert is so qualified, the court must determine whether the expert's opinion is reliable and helpful under the principles set forth in *Daubert*." *Id.* (citing *103 Investors I, L.P. v. Square D Co.*, 470 F.3d 985, 990 (10th Cir. 2006)).

"Trial courts have broad discretion in determining the admissibility of expert testimony." *Id.* at *2 (citing *United States v. Velarde*, 214 F.3d 1204, 1208 (10th Cir. 2000) ("court's admission of expert testimony is reviewed for abuse of discretion")). "The court's discretion is equally broad

in both deciding how to assess an expert's reliability, including what procedures to use in making that assessment, and in making the ultimate determination of reliability." *Id.* (citing *Velarde*, 213 F.3d at 1208–09). "A district court need not hold a *Daubert* hearing to perform its gatekeeping function, so long as the court has sufficient evidence to perform the task of ensuring that an expert's testimony is both relevant and reliable." *Id.* (citing *Goebel v. Denver & Rio Grande W. R.R. Co.*, 215 F.3d 1083, 1087 (10th Cir. 2000)). "The district court, however, has no discretion as to the actual performance of its gate-keeping function." *Id.* (citing *Turner*, 285 F.3d at 913).

**III.   Analysis**

    **A.   Mr. Lewis is qualified to render an opinion on insurance claims handling.**

Mr. Smith contends that Mr. Lewis is not qualified to render an opinion concerning insurance claims in New Mexico because he cites only two New Mexico authorities in his expert report, he is not a member of the New Mexico bar, and his CV does not indicate that he "has personal knowledge or expertise in claims handling in New Mexico." (Doc. 120 at 24–26.) Defendants assert that Mr. Lewis's background, knowledge, skill, and experience in the insurance field qualify him to offer expert opinions on New Mexico insurance law. (Doc. 127 at 8–11.)

Mr. Lewis, an attorney admitted to practice in Arizona, Nevada, and the United States District Court for the District of Arizona, has represented insurers and policyholders in first-party and third-party bad faith lawsuits. (*See* Doc. 120-12 at 1.) He has "dedicated a significant portion of [his] practice to insurance coverage and bad faith litigation" over the past 25 years. (Doc. 120-4 at 2.) In his work as an attorney, he "commonly review[s] claims files, claims manuals, and claims procedures. [He] evaluate[s] claims practices to determine if they comply with state insurance regulations, state insurance statutes, unfair claims practices statutes, and common law." (*Id.*) He has been retained as a "consultant and expert witness in claims handling practices . . . to

review claims handling procedures in connection with litigated claims." (*Id.*) He "frequently speaks on insurance bad faith litigation and claims handling practices at seminars." (Doc. 120-12 at 1.) Before he was an attorney, "Mr. Lewis was a Senior Claims Representative with State Farm Mutual Automobile Insurance Company." (*Id.*) He "was assigned to a bodily injury claims unit to investigate, negotiate and resolve automobile insurance claims. . . . [He] handled hundreds of claims involving underinsured motorist coverage, uninsured motorist coverage, and medical payments coverage." (Doc. 120-4 at 2–3.) He received extensive claims training as a State Farm employee and obtained a Certificate in General Insurance. (*Id.*)

Mr. Smith largely relies on two cases to support his argument that Mr. Lewis is not qualified to opine on New Mexico insurance law. (Doc. 143 at 10–11.) In *City of Hobbs v. Harford Fire Insurance Co.*, the Tenth Circuit upheld a trial court's exclusion of a proffered expert on the basis that the expert "did not demonstrate knowledge specific to New Mexico and the handling of third party claims." 162 F.3d 576, 587 (10th Cir. 1998) (citation omitted). The trial judge also found that "the jury was capable of determining the bad faith issue on its own . . . ." *Id.* (citation omitted). In *Garcia v. Metropolitan Life Insurance Co.*, the court also noted that because the proffered expert had "no experience with claims handling in New Mexico" and had "never testified in New Mexico[,]" her testimony would not assist the jury. 859 F. Supp. 2d 1229, 1232 (D.N.M. 2012) (citations omitted). The court further observed that "[t]he bulk of [the expert's] report summarizes medical records, prior reviews and [insurance medical exams] . . . , most of which were prior to the events" at issue in the lawsuit. *Id.* Both cases are distinguishable. Unlike in *City of Hobbs*, there is no evidence here that Mr. Lewis has insufficient knowledge in handling first-party claims. And unlike in *Garcia*, Mr. Smith does not complain that Mr. Lewis's opinion simply summarizes records or is based on stale evidence.

The Court agrees that it has discretion to exclude an expert on the basis that he has no experience with New Mexico insurance law. It also has discretion to allow the expert to testify if he is qualified, his testimony is reliable, and it would help the jury. In *American Automobile Insurance Co. v. First Mercury Insurance Co.*, the plaintiff relied on *City of Hobbs* to argue that the court should exclude the insurer's expert, who had no "experience in New Mexico claims handling practices . . . ." No. 13:CV-439 MCA/LF, 2017 WL 4410780, at *4 (D.N.M. Sept. 30, 2017). The court noted other Tenth Circuit cases, which "have held that '[a]s long as an expert stays within the reasonable confines of his subject area, our case law establishes a lack of specialization does not affect the admissibility of the expert opinion, but only its weight.'" *Id.* (quoting *Compton v. Subaru of Am., Inc.*, 82 F3d 1513, 1520 (10th Cir. 1996), *abrogated on other grounds by Kumho Tire*, 526 U.S. 137; citing *Conroy v. Vilsack*, 707 F.3d 1163, 1168–69 (10th Cir. 2013) (stating that "the court correctly looked to whether [a particular topic] was 'within the reasonable confines' of [the expert's] expertise"); *King v. Allstate Ins. Co.*, No. 11-CV-00103-WJM-BNB, 2013 WL 3943607, at *7 (D. Colo. July 31, 2013) (stating that where "there is no evidence showing that Colorado's regulations are materially different than states in which [the expert] has significant training and experience" and "also no evidence showing that the regulations governing the Colorado insurance industry are materially different from those states," the proffered expert's "lack of training, qualifications, and experience with Colorado's insurance industry do not make him unqualified to serve as an expert.")). The court found that even though the expert's "experience with New Mexico claims processing is vague, . . . the extent to which he is familiar with New Mexico-specific claims handling procedures and practices is fodder for cross-examination." *Id.* at *5.

5

The Court agrees with the reasoning of *American Automobile Insurance Co.* and finds that Mr. Lewis is qualified to speak on factual matters related to insurance claims handling. The jury may consider Mr. Lewis's lack of New Mexico claims-handling experience when weighing his opinion.

Mr. Smith also argues that Mr. Lewis is unqualified to opine on whether the accident here was of the type "expected to produce serious injury." (Doc. 120 at 17 (quoting Doc. 120-4 at 10).) The Court agrees and will not allow this testimony. Mr. Lewis presents no education, training, or background that would enable him to offer an expert opinion on the type of accident necessary to cause "serious injuries."

**B.      Mr. Lewis's opinions are sufficiently reliable.**

Mr. Smith asserts that Mr. Lewis's opinions are unreliable because he failed to review—and significantly contradicts—the deposition testimony of Liberty's own employees. (*See* Doc. 120 at 5–17.) It is undisputed that Mr. Lewis did not review the deposition testimony of Mr. Vos (Liberty's Federal Rule of Civil Procedure 30(b)(6) witness) or Ms. Sloan in preparing his expert report. (*See* Doc. 120-1 at 3.) The Court agrees that Mr. Lewis's opinions are not in lockstep with Mr. Vos's deposition testimony. (*Compare* Doc. 120-2 *with* Doc. 120-4.) Mr. Smith may fully explore these inconsistencies, however, on cross-examination. *See*, *e.g.*, *Milam v. Ranger Ins. Co.*, No. CIV-04-1749-HE, 2006 WL 5347771, at *3 n.9 (W.D. Okla. June 13, 2006) ("Contrary to defendants' suggestion, it is not necessary that an expert witness 'read all the depositions' and turn himself into some sort of 'super juror' in order to offer expert testimony on an issue, assuming other prerequisites to admissibility are met."); *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co., Ltd.*, No. 2:13-CV-213-JRG-RSP, 2015 WL 627430, at *3 (E.D. Tex. Jan. 31, 2015) (denying motion to exclude defendants from offering any "opinion . . . that contradicts in any way the

6

30(b)(6) deposition testimony of a defendant's witness" because "concerns can be adequately addressed on cross-examination or through a request for limiting instruction to the jury if deemed necessary").

Mr. Smith also argues that Mr. Lewis should not be allowed to opine on whether Liberty violated a New Mexico statute or had the requisite "culpable mind" for any claim relevant to reasonableness or bad faith, as these conclusions usurp the jury's role or are "testimony on the controlling law." (Doc. 120 at 19–20.) Mr. Smith cites *Specht v. Jensen*, 853 F.2d 805 (10th Cir. 1988) in support. In *Specht*, the issue before the court was whether Rule 702 allowed "an attorney, called as an expert witness, to state his views of the law which governs the verdict and opine whether defendants' conduct violated that law." 853 F.2d at 806. The Tenth Circuit held that "the testimony was beyond the scope of the rule and [was] thus inadmissible." *Id.* But the *Specht* court drew a "narrow" line:

> We do not exclude all testimony regarding legal issues. We recognize that a witness may refer to the law in expressing an opinion without that reference rendering the testimony inadmissible. Indeed, a witness may properly be called upon to aid the jury in understanding the facts in evidence even though the reference to those facts is couched in legal terms.

*Id.* at 809.

Applying *Specht*, the *American Automobile* court noted that the question of "whether an insurer breached [its duty to deal in good faith with its insured] is a matter to be determined by the jury upon application of the law to the facts." 2017 WL 4410780, at *8 (citing *R.A. Peck, Inc. v. Liberty Fed. Sav. Bank*, 766 P.2d 928, 932 (N.M. Ct. App. 1988)). Thus, the expert witnesses would not be allowed to "characterize the actions of either [insurer] as being in 'bad/good faith,' or 'reasonable' or 'unreasonable.'" *Id.* Instead, the experts could "testify as to the facts relevant to good faith, such as industry standards for claims handling, typical practices and procedures, and

the facts behind the parties' claims handling in this case." *Id.* (citing *Gallatin Fuels, Inc. v. Westchester Fire Ins. Co.*, 410 F. Supp. 2d 317, 421 (W.D. Penn. 2006)) (permitting expert testimony on "insurance claims adjusting procedure [and] an insurer's compliance with industry customs and standards"); UJI 13-1705 NMRA). Regarding § 59A-16-20, the court would allow the experts to "testify as to what the statute provides[,]" about the insurers' "actions vis á vis the statutory requirements and the methods used by insurers to comply with the statute, but" held that the experts could "not testify that the insurers violated the statute." *Id.* "To draw conclusions as to whether [an insurer] breached a duty or violated the statute would 'circumvent[ ] the jury's decision-making function by telling it how to decide the case.'" *Id.* (quoting *Specht*, 853 F.2d at 808; citing *AXIS Specialty Ins. Co. v. New Hampshire Ins. Co.*, No. 15-0809-CV-W-ODS, 2017 WL 445746, at *2 (W.D. Mo. Feb. 2, 2017) (permitting an expert to testify along these lines)).

The same will hold true here for both parties' experts. They may testify to claims handling standards and to the facts of how Liberty handled Mr. Smith's claims, but no expert may describe Liberty's conduct as reasonable, unreasonable, or made in good faith or bad faith. No expert may opine on whether Liberty violated a statute. Additionally, the expert testimony here remains "subject to the requirement that [it] must be helpful to the jury." *See id.* at *9 (citing *Werth v. LEARN Member-Only GroupMakita Elec. Works, Ltd.*, 950 F.2d 643, 648 (10th Cir. 1991)). Any expert testimony "should pertain to aspects of the insurance industry that are beyond the jury's ken, as there is no need for expert testimony on issues that the jury is perfectly 'capable of assessing for itself.'" *Id.* (quoting *Thompson v. State Farm Fire & Cas. Co.*, 34 F.3d 932, 941 (10th Cir. 1994)). Expert testimony is appropriate here to help the jury understand how a claim moves through an insurer's system and is assigned to different adjusters.

**THEREFORE,**

**IT IS ORDERED** that Mr. Smith's *Daubert* Motion to Exclude Opinions of Defendants' Expert, Robert K. Lewis (Doc. 120) is **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE